UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CLEOTHER TIDWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 15-3019 |
| | ) | |
| WEXFORD HEALTH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW AND CASE MANAGEMENT ORDER

The plaintiff, proceeding pro se and currently incarcerated in the Menard Correctional Center, was granted leave to proceed *in forma pauperis.* The case is now before the court for a merit review of the plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). The court has reviewed the complaint and has also held a video merit review hearing in order to give the plaintiff a chance to personally explain his claims to the court.

The plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging that he did not receive timely or proper dental care while housed at the Western Illinois Correctional Center. As a result, the dental staff at Menard Correctional Center has informed him that he needs to have four or five teeth extracted in order to receive dentures. Plaintiff claims that had he received timely and proper dental care at Western, he would not be losing these four or five teeth, would not need dentures, and would not be experiencing his current pain. The plaintiff claims the dentist at Western Correctional Center is now deceased, but that Karen Bowers was the dental assistant at Western during the time in question. The court will add Karen Bowers as a defendant.

The plaintiff states a valid constitutional claim for deliberate indifference, and the case will proceed accordingly.

The plaintiff names the Illinois Department of Corrections, sued as IDOC, and the Menard Correctional Center, sued as Menard. The IDOC and the Menard Correctional Center are buildings, not "person[s]" that may be sued under § 1983. *Williams v. Sangamon County Jail*, 2014 WL 1365440, *2 (C.D. Ill. Apr. 7, 2014)("The Sangamon County Jail is not a 'person' that may be sued under § 1983").

The plaintiff names Wexford Health and Wexford Health Sources. These are the same entity. The court will dismiss Wexford Health. Defendant Wexford Health Sources is a corporation that provides medical and dental care at the prison, but it cannot be held liable solely on that basis. A corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. Of Ill., Inc.,* 368 F.3d 917, 927 (7th Cir. 2004). See also *Jackson v. Ill. Medi-Car, Inc.,* 300 F.3d 760, 766 n.6 (7th Cir. 2002)(private corporation is treated as though it were a municipal entity in a § 1983 action). Wexford Health Sources will remain as a defendant to establish whether or not providing timely and proper dental care is a policy, custom or practice of Wexford.

**IT IS THEREFORE ORDERED:**

1.      Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states a claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment against defendants Wexford Health Sources, B/M Dentist, and Karen Bowers.   Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2.      This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.

3.      The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

4.      With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said

defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

5.     The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

6.     This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

7.     Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

8.     The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9.     If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10.     The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11.     The clerk is directed to terminate Wexford Health, IDOC, and Menard as defendants.

12.     The clerk is directed to add Karen Bowers, *Dental Assistant*, as a defendant.

13.     The clerk is directed to attempt service on defendants Wexford Health Sources and Karen Bowers pursuant to the standard procedures.

Entered this 15th day of April, 2015.

/s/Harold A. Baker

_____

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE